IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01094-PAB-KLM

KEVIN D. GUARNEROS, and
SHERRON LEWIS,

    Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS,
AURORA LOAN SERVICES, LLC,
KATHERINE E. FISHER Atty # 39230,
LAUREN R. SMITH Atty Reg. # 39316,
CASTLE MEINHOLD & STAWIARSKI, LLC,
STEPHANIE O'MALLEY, and
DIANE BAILEY,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Joint Motion to Stay Discovery Deadlines Pending Ruling on Defendants' Motions to Dismiss** [Docket No. 33; Filed December 29, 2008] (the "Motion"). At the Scheduling Conference held on January 14, 2009, the Court *sua sponte* extended the deadline for Plaintiffs to respond to the Motion to January 20, 2009 [Docket No. 36]. Plaintiffs have not filed a response to the Motion. The Court has considered the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED** as set forth below.

    Defendants move this Court to stay all discovery in the above-captioned case until resolution of Defendants' pending Motions to Dismiss [Docket No. 25; Filed November 24,

2008] and [Docket No. 28; Filed December 15, 2008].

Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006).

In weighing the factors set forth in *String Cheese* for determining the propriety of a stay, the Court finds that a stay is appropriate here. *Id.* First, the Court balances the Plaintiffs' desire to proceed expeditiously with their case against the burden on Defendants of proceeding forward. *Id.* Defendants have filed Motions to Dismiss asserting, *inter alia*, that the Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine. Defendants have done more than offer conclusory assertions that jurisdiction is lacking – they have filed Motions to Dismiss supported by legal analysis.[1] In such a circumstance, until jurisdiction can be established, the Court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiffs to have their case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that while Plaintiffs apparently oppose the Motion, they have filed no response to the Motion.

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompts the Court to reach a different

---

[1]Although the Motions to Dismiss have been referred to the Magistrate Judge, the Court takes no position as to whether Defendants' Motions to Dismiss should be granted, but merely notes that it appears that the Motions are based upon more than idle speculation.

result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion involving jurisdiction is pending.  *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."  *Chavous*, 201 F.R.D at 5.  Finally, this case relates to alleged violations of  the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a, *et seq.*, and there are no compelling nonparty or public interests triggered by the facts at issue.  *See Amended Complaint* [#14] at 1.

Accordingly, IT IS HEREBY **ORDERED** that on Defendants' **Joint Motion to Stay Discovery Deadlines Pending Ruling on Defendants' Motions to Dismiss** [Docket No. 33; Filed December 29, 2008] is **GRANTED**.  Discovery in the case is **STAYED**, until such time as the Court rules on Defendants' Motions to Dismiss.  This Order does not impact Plaintiffs' deadline to serve all Defendants who have not yet been served with the summons and complaint by January 30, 2009.  Failure to file proof of service on or before January 30, 2009 will result in the Court recommending that this case be dismissed.

BY THE COURT:

              __s/ Kristen L. Mix_____

              United States Magistrate Judge

Dated: January 21, 2009