IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01094-PAB-KLM

KEVIN D. GUARNEROS, and
SHERRON LEWIS,

    Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS,
AURORA LOAN SERVICES, LLC,
KATHERINE E. FISHER Atty # 39230,
LAUREN R. SMITH Atty Reg. # 39316,
CASTLE MEINHOLD & STAWIARSKI, LLC,
STEPHANIE O'MALLEY, and
DIANE BAILEY,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Aurora Loan Services LLC's Motion to Dismiss Amended Complaint** [Docket No. 25; Filed November 24, 2008] (the "Aurora Motion") and the **Motion of Defendants Castle Meinhold & Stawiarski, LLC, Katharine E. Fisher and Lauren R. Smith to Dismiss Plaintiffs' Amended Complaint for Failure to Effect Service of Process** [Docket No. 28; Filed December 15, 2008] (the "CMS Motion").

    Pursuant to 28 U.S.C. § 636(b)(1)(A)) and D.C. COLO. LCivR 72.1.C., the matter has been referred to this Court for recommendation.  Because the Plaintiffs and the Defendants submitted conflicting affidavits concerning service of process, the Court held an evidentiary hearing on May 11, 2009 to resolve the issue.  Defendants presented

1

testimony and exhibits at the hearing.  Plaintiffs failed to appear at the hearing.  The Court has reviewed the Motions, Plaintiffs' Responses [Docket No. 39; Filed January 29, 2009; Docket No. 42; Filed January 30, 2009],  the Defendants' Replies [Docket No. 43; Filed February 12, 2009; Docket No. 44; Filed February 17, 2009], the testimony and exhibits from the evidentiary hearing, the entire case file and applicable case law and is sufficiently advised in the premises.   For the reasons stated below, I RECOMMEND that the Motions to Dismiss be **GRANTED**.

## I. Statement of the Case

Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  At the time this action was filed, Plaintiffs were the record owners of a property located at 1680 South Decatur Street, Denver, Colorado 80219.  *Amended Complaint* [#14] at ¶ 6. On July 6, 2006, Plaintiff Guarneros executed a promissory note in the amount of approximately $184,000 and a deed of trust to the Decatur Street property in favor of GreenPoint Mortgage Funding, Inc. *Id.* at ¶ 17.  Plaintiffs allege that in January, 2008, the Defendants Deutsche Bank Trust Company Americas, Lauren R. Smith, Castle, Meinhold and Stawiarski, LLC and Stephanie O'Malley commenced a foreclosure action against the Decatur Street property. *Id.* at ¶ 19.  The foreclosure was performed through the Office of Public Trustee for the County of Denver.  *Id.*

Aurora Loan Services ("Aurora") was the servicer of a loan made by Aegis Wholesale Corporation to Plaintiff Guarneros in the amount of $232,000.  *Id.* at ¶ 29.  The deed of trust granted a security interest in real property owned by Guarneros and located at 9420 S. Yale Lane, Littleton Colorado.  *Id.* at ¶¶ 8, 29.  After the loan agreement was

signed, Plaintiff Lewis obtained an interest in the property. *Id.* at ¶ 8. In February, 2008, Aurora initiated foreclosure proceedings against the property. *Id.* at ¶ 31. The foreclosure was performed through the Office of Public Trustee of Douglas County. *Id.*

## II. Standards of Review

### A. Plaintiffs' Status

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 3D § 1353. In opposing a motion to dismiss for insufficient service of process, "'plaintiff bears the burden to make a prima facie case that he has satisfied

3

statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant.'" *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008)(quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008). "Effectuation of service is a precondition to suit ..." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the Defendant. *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Plaintiffs must demonstrate that the procedure employed by them to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

### III. Analysis

Defendants Castle Meinhold and Stawiarski, LLC, Katharine A. Fisher and Lauren R. Smith (collectively the "CMS Defendants") move to dismiss Plaintiffs' amended complaint for failure to effect service of process. *CMS Motion* [#28]. Castle Meinhold and Stawiarski, LLC, is a law firm located at 999 18th Street, Denver, Colorado. *CMS Motion* [#6] at 2.[1] Defendant Lauren R. Smith was previously employed by CMS as an attorney. *Id.* at 3. Defendant Fisher is currently employed by CMS as an attorney. *Id.* Aurora also moves to dismiss based on insufficient service of process. *Aurora Motion* [#25]. Aurora's principal place of business is in Littleton, Colorado. *Id.* Ex. 1.

Rule 4(h) of the Federal Rules of Civil Procedure states that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any

---

[1] The CMS Defendants have incorporated by reference the arguments and affidavit they presented in their initial motion to dismiss, Docket # 6.

other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the court is located or where service is made.  The Colorado Rules of Civil Procedure state that service upon any form of corporation shall be made by delivering a copy of the summons and complaint to the registered agent. Colo. R. Civ. P 4(e)(4).

Plaintiffs filed hand-written affidavits allegedly from two process servers indicating that the Defendants have either been personally served or that Aurora and CMS's registered agent was served by the process server. [Docket No. 40; Filed January 29, 2009].  The testimony at the evidentiary hearing established the following regarding the service of process issue:  Lynette Spohn, Assistant Vice President of Aurora Loan Services, is responsible for monitoring the service of process on the company.  She stated that Aurora's registered agent for service of process purposes is Corporation Service Company ("CSC") whose local office is located at 1560 Broadway, Denver, Colorado.  Ms. Spohn searched the databases of Aurora and CSC and found no records indicating that either company was served with Plaintiffs' summons and complaint.  She contacted CSC and asked that it review its records. CSC informed her that it had no record of Plaintiffs' complaint.

Kurt Plender, a customer service associate at CSC, stated that all service of process documents are logged in by CSC in its Litigation Management Assistant database.  He searched that database and did not find Plaintiffs' summons and complaint.

Based upon the affidavits of service filed by Plaintiffs on January 29, 2009 [Docket No. 40], it appears that Plaintiffs attempted to effect service on the CMS Defendants by

5

leaving copies of the summons and complaint with CMS's receptionist. Arlene Briody, an executive assistant at CMS, testified that Philip Johnson is the firm's registered agent for service of process purposes and that the person named in the affidavit of service was the firm's receptionist.  Under the firm's procedures for handling service of process, when Mr. Johnson is served as the agent for the firm, he contacts Ms. Briody and sends her the summons and complaint.  That did not happen in this case because neither Mr. Johnson nor anyone in his office ever received a copy of Plaintiff's summons and complaint.  CMS's receptionist did not and does not possess any authority to accept service.

As to the individual Defendants Fisher and Smith, Rule 4(e) of the Federal Rules of Civil Procedure applies.  That Rule states that an individual may be served pursuant to state law, or by delivering a copy of the summons and complaint to the individual personally, leaving the summons and complaint at the individual's dwelling, or delivering a copy to an agent authorized by appointment of law to accept service on the individual's behalf.  Fed. R. Civ. P. 4(e)(1) & (2). In addition to these methods of service, Colorado Rule of Civil Procedure 4(e)(3) authorizes service of process on an individual by leaving a copy of the summons and complaint at the person's usual place of business with the person's secretary, bookkeeper, manager or chief clerk.

Based on the affidavits of service filed by Plaintiffs on January 29, 2009, it appears that Plaintiffs attempted to effect service of process on Defendants Fisher and Smith by again serving the receptionist at CMS's office.  According to the CMS's witnesses, the firm does not authorize other personnel to accept service for its attorneys.  The receptionist was not an agent authorized to accept service for Fisher and Smith. The CMS receptionist was not the secretary, bookkeeper, manager or chief clerk for either Fisher or Smith.

Further, in her testimony at the hearing, Defendant Fisher stated that she never received a copy of Plaintiffs' complaint or their earlier motion for default. Ms. Fisher has had prior litigation experience with Plaintiff Lewis. She testified that Mr. Lewis is a frequent lawsuit filer and that Mr. Lewis has falsely stated in previous cases that he had served court pleadings on Ms. Fisher.

As previously noted, Plaintiffs failed to appear and did not present testimony on the service of process issue. Plaintiffs had submitted affidavits from process servers purporting to show that the Defendants were served with the summons and complaint. The testimony directly contradicts the assertions in the affidavits. The affidavits were not subject to the same scrutiny as live testimony and, thus, will be given lesser weight. *See Wagner v. Dep't of Agriculture*, 28 F.3d 279, 282-83 (3d Cir. 1994)(live testimony generally favored over affidavits because it permits cross-examination and credibility assessment); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507 (5th Cir. 1988)(live testimony assists credibility determination more effectively than affidavits).

When the court holds an evidentiary hearing to resolve factual disputes relating to jurisdictional questions, the plaintiff has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). The only credible evidence before the Court is the unrefutted testimony of the witnesses for the Defendants who testified at the evidentiary hearing. Since Plaintiffs chose not to participate in the hearing, they failed to meet their burden of demonstrating that they properly served Defendants. Moreover, Plaintiffs failed to provide any explanation for the failure to timely serve Defendants. For these reasons, the motions to dismiss should be granted.

Defendants also request an award of costs and attorneys' fees associated with their motions to dismiss.  Fed. R. Civ. P. 54(d)(1) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorneys' fees–should be allowed to the prevailing party."  Rule 54(d) is construed in accordance with 28 U.S.C. § 1920, which provides that a judge or clerk of the court may tax as costs certain categories of expenses incurred during litigation, such as the costs of depositions, court transcripts, and copying fees.  *See* 28 U.S.C. § 1920.  However, whether or not a prevailing party is awarded costs is "within the court's sound discretion."  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citing *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960)).  The general rule is that costs are awarded to the prevailing party.  *Id.* (citing *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (citations omitted)).  Therefore, the burden is on the opposing party to overcome this presumption.  *Id.* (citation omitted).  Moreover, when a district court denies costs to a prevailing party, it must provide a valid reason for the denial.  *Id.*

Certain reasons have been approved by other circuits as appropriate bases for denying costs, including: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants."  *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (quotations and citation omitted); *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (citations omitted) (recognizing that the denial of costs may be warranted when the losing party is indigent); *but see Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (recognizing that even though an indigent prisoner would have a difficult time paying costs, he was "not immune from an assessment of costs.").  Based on the holdings

8

of other courts, the Tenth Circuit has suggested that a district court may properly deny costs when the non-prevailing party is indigent or when the issues in the case were close or difficult. *See Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995); *but see Mundell v. Bd. of County Com'rs of Saguache County*, 2007 WL 1061510, *1 (D. Colo. April 5, 2007) (unpublished decision) (finding that "[a]lthough indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1).").

There is no indication in the record that Plaintiffs are indigent. The service of process issue was neither close nor difficult. In fact, Plaintiffs did not seriously contest Defendants' motions. I do not see any circumstances in this case which justify the denial of costs to the prevailing parties. Defendants are entitled to their costs in litigating the motions to dismiss.

Defendants may also be awarded reasonable attorneys' fees. 28 U.S.C. § 1927 provides that:

> Any attorney *or other person* admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

(emphasis added). Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite, LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005). Sanctions are also appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir. 1998). A finding of bad faith is not necessary to impose sanctions under § 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202

(10th Cir. 2008). Sanctions "are levied to compensate the victims of dilatory tactics, not as a means of punishment." *Id.*

Plaintiffs are appearing *pro se* and neither one is an attorney. Whether *pro se* litigants can be assessed sanctions under § 1927 is a matter of conflict in the circuit courts. *Ayala v. Holmes*, 29 Fed. Appx. 548, 550 (10th Cir. 2002); *see, e.g. Sassower v. Field,* 973 F.2d 75, 80 (2d Cir. 1992)(section not applicable to *pro se* litigants); *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990)(§ 1927 applies to *pro se* litigants). The Tenth Circuit has not decided the issue, but the judges of the district court are divided on the applicability of § 1927 to pro se parties. *See Andrews v. U.S. Small Business Admin.*, No. 07-01971-WDM-CBS, 2008 WL 2955811, at * 1 (D. Colo. July 30, 2008); *Ketchum v. Cruz*, 775 F.Supp. 1399, 1403 (D. Colo. 1991); *State of Colo. ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1219 (D. Colo. 1989).

Even if § 1927 does not apply to *pro se* litigants, the Court may still impose sanctions on the parties. *Institute for Motivational Living, Inc. v. Doulos*, 110 Fed. Appx. 283, 287 (3rd Cir. 2004); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997). The Court may impose sanctions in the exercise of its inherent authority. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-6 (1991).

The granting of attorneys' fees is appropriate here. Plaintiffs have been dilatory in serving these Defendants and the remaining defendants who have yet to appear in the case. More than 120 days have passed since the filing of the amended complaint. Moreover, Plaintiffs did not appear at the Court's evidentiary hearing on Defendants' motions to dismiss, and the evidence presented at the hearing demonstrates that proper service was not effected, despite Plaintiffs' affidavits to the contrary. Accordingly, Defendants should be

compensated for having to litigate the service of process issue.

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Counsel for the CMS Defendants and counsel for Defendant Aurora Loan Services have filed affidavits detailing their costs in litigating the Motions to Dismiss. Defendant Aurora states that its fees were $20,700.25 based on 104 hours of work at between $85.00 and $245 per hour. *Affidavit* [# 55-2] at ¶¶ 6, 7. Aurora also submitted a bill of costs in the amount of $492.25. *Affidavit* [#55-4]. Counsel for the CMS Defendants states that his fees were $14,375.00 (57.5 hours at $250/hour). *Affidavit* [# 54-2].[2]

I conclude that Defendants are entitled to reasonable fees for litigating the motions to dismiss. Under the circumstances present in this case, however, I find that defense counsels' fees are excessive and should be reduced to $10,000 for each counsel. *See White v. GMC, Inc.*, 908 F.2d 675, 684 (10th Cir. 1990)(noting that the fees accumulated to secure a dismissal must be reasonably related to the type of suit at issue); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)("It does not [always] follow that the amount of

---

[2] Counsel for the CMS Defendants has not submitted a separate bill of costs.

time *actually* expended is the amount of time *reasonably* expended."). Accordingly, I recommend that Defendants be awarded fees in that amount.

### IV. Conclusion

Based on the foregoing, I **RECOMMEND** that **Aurora Loan Services LLC's Motion to Dismiss Plaintiffs' Amended Complaint** [Docket No. 25] and the **Motion of Defendants Castle Meinhold & Stawiarski, LLC, Katharine E. Fisher and Lauren R. Smith to Dismiss Plaintiffs' Amended Complaint for Failure to Effect Service of Process** [Docket No. 28] be **GRANTED** and that the case be **dismissed with prejudice**.

IT IS FURTHER **RECOMMENDED** that Aurora Loan Services LLC's **Motion for Attorney Fees** [Docket No. 55; Filed May 21, 2009] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiffs be ordered to reimburse Defendant Aurora Loan Services, LLC in the amount of **$10,000.00** for the attorneys' fees incurred in litigating the Motion to Dismiss and its costs in the amount of **$492. 25**.

IT IS FURTHER **RECOMMENDED** that Plaintiff be ordered to reimburse Defendants Castle Meinhold & Stawiarski, LLC, Katherine E. Fisher, and Lauren R. Smith in the amount of **$10,000.00** for the attorneys' fees incurred in litigating the Motion to Dismiss.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-

1200 (10th Cir. 2000).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                                        BY THE COURT:


                                        __s/ Kristen L. Mix_____
                                         United States Magistrate Judge

Dated:  June 1, 2009